JACKSON COCA-COLA BOTTLING COMPANY *v.* NAILS

No. 41877        May 15, 1961        130 So. 2d 258

*George J. Thornton,* Kosciusko, for appellant.

*Crawley & Ford,* Kosciusko, for appellee.

McGehee, C. J.

The appellee Mary Nell Nails, a minor 17 years of age, purchased a Coca-Cola on January 6, 1960, between 5:00 and 6:00 P. M., from the Sunflower Food Store No. 11 in the City of Kosciusko, and she claims that the Coca-Cola bottle had a piece of wire and some dirt on the inside thereof; that she went on the outside of the store to open the Coca-Cola so as not to be in the way of the customers on the inside of the store, and that when she opened the bottle and drank some of the Coca-Cola she found that it had a peculiar taste which gave

her a burning in her throat and made her sick at the stomach and caused her to vomit, and that she then poured out some of the Coca-Cola and discovered the piece of wire and the dirt in the bottle. She then went in the store and showed the bottle to Mr. Dubard, the manager, and says he told her she could take the bottle. She carried the bottle home with her where a plastic cap was put on the top of the bottle, and the piece of wire, which appears to be 6 to 7 inches long, was wrapped around the bottle neck, and the bottle placed in a paper sack. All of which was introduced in evidence at the trial and is sent up here as an exhibit in the case.

We think that on the conflicting testimony it was a question for the jury as to whether or not this particular bottle came from the Coca-Cola plant of the appellant and as to whether the bottle purchased by the appellee contained the wire and dirt.

The appellee did not inform Mr. Dubard, the manager of the store, as to any ill effects that she suffered from having drunk some of the Coca-Cola while on the outside of the store, but merely showed him the bottle with the piece of wire and dirt in it.

It appears that about 8:00 or 8:30 that evening her mother talked to a local physician by telephone and he advised her to give the appellee some warm soda water to make her vomit and get rid of the substance that she claimed to have drunk. She did not have the doctor to call at the house to see the appellee, but merely asked his advice as to what to do. The testimony on behalf of the appellee shows that she was sick during the night and that she missed her last school examination the next day and that she remained home also on Saturday, Sunday and Monday before returning to school. She concluded that she had some fever during this interval from the fact she was feeling badly, but her temperature was not taken during that period. The jury returned a verdict in favor of the appellee for the sum of $1,000,

from which verdict and judgment the Coca-Cola Bottling Company appeals.

The medical testimony is to the effect that a copper wire in the bottle would form a copper phosphate, and that if the wire was of some other metal it would form an iron phosphate, and that the appellee should have suffered no ill effects from either, and that if she vomited from taking the warm soda water she should not have had any fever.

If the bottle had been subjected to the numerous rinsings in the caustic soda solutions at the appellant's Coca-Cola plant as testified to by the defendant's witnesses there should not have been left approximately a tablespoonful of dirt in the bottle, but assuming that the piece of wire and the dirt were in the bottle when the same was opened by the appellee, and which was a question of fact for the jury, we think that the assignment of error made by the appellant to the effect that the verdict of the jury was so excessive as to show passion and prejudice is well taken and that the same should be reduced from $1,000 to $500.

If the appellee shall enter a remittitur within 10 days from this date reducing the judgment accordingly, the case will be affirmed, otherwise the same will be reversed and remanded for a new trial. We do not think any of the other errors assigned are well taken.

Affirmed with Remittitur.

*Ethridge, Gillespie, McElroy* and *Jones, JJ.,* concur.